## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PAUL BRADPIECE** ) | |
| ) | |
| **Plaintiff** ) | **Case Number:** |
| ) | |
| **vs.** ) | |
| ) | **CIVIL COMPLAINT** |
| **LAW OFFICE OF THOMAS LANDIS,** ) | |
| **LLC** ) | |
| ) | **JURY TRIAL DEMANDED** |
| **Defendant** ) | |
| ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Paul Bradpiece, by and through his undersigned counsel, Bruce K. Warren, Esquire of Warren Law Group, P.C., complaining of Defendant, and respectfully avers as follows:

## I.  INTRODUCTORY STATEMENT

1.      Plaintiff, Paul Bradpiece, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II.  JURISDICTION

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3.      Venue in this District is proper in that Defendant maintains a primary location in this District.

### III.  PARTIES

4.      Plaintiff, Paul Bradpiece, (hereafter, Plaintiff) is an adult natural person residing 1455 Stanford Avenue, St. Paul, MN 55105.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5.      Defendant, Law Office of Thomas Landis, LLC, (hereafter, Defendant), at all times relevant hereto, is and was a limited liability company engaged in the business of collecting debt within the State of Minnesota and the Commonwealth of Pennsylvania with a primary address located at 311 Veterans Highway, Suite 100A, Levittown, PA 19056.

6.      Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant, is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV.  FACTUAL ALLEGATIONS

7.      In or around March, 2012, Plaintiff started to receive calls from Defendant collecting on an alleged debt owed to Wells Fargo.

8.      Defendant is placing the calls to Plaintiff's work issued cell phone and to his home.

9.      Plaintiff is not able to receive personal calls to his work issued cell phone.

10.     Despite informing Defendant multiple times not to place calls to this number, Defendant continues to call on a daily basis.

11.     Defendant leaves voice mails in regards to this matter on Plaintiff's work issued cell phone.

12.     A number of Defendant's calls are automated.

13.    Defendant makes reference to Plaintiff's "case number" when they call.

14.    Defendant's messages are misleading and allude to the Plaintiff being involved in a lawsuit.

15.    Plaintiff has not been sued by the Defendant or any other agency.

16.    Plaintiff is said to owe a balance of approximately $2,736.31.

17.    On or about April 4, 2012, Plaintiff received notice from the Defendant who stated that an attorney had not yet looked at the Plaintiff's account, again misleading the Plaintiff into thinking that this matter is headed to a potential lawsuit.

18.    Plaintiff continues to receive calls daily.

19.    As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

20.    The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequences of which is to harass, oppress, or abuse such person in connection with the collection of a debt.

21.    The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

22.    At all times pertinent hereto, Defendant was acting by and through their agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

23.     At all times pertinent hereto, the conduct of Defendant, as well as their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

24.     As a result of Defendant's, conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## COUNT I – FDCPA

25.     The above paragraphs are hereby incorporated herein by reference.

26.     At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

27.     The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692c(a)(1): | At any unusual time, unusual place, or unusual time and place |
| §§ 1692c(a)(3): | At place of employment when knows the employer prohibits such communication |
| §§ 1692d: | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692d(5): | Caused the phone to ring or engaged any person in telephone conversations repeatedly |

§§ 1692e:          Any other false, deceptive, or misleading representation or

                   means in connection with the debt collection

§§ 1692e(10):      Any false representation or deceptive means to collect a

                   debt or obtain information about a consumer

§§ 1692f:          Any unfair or unconscionable means to collect or attempt

                   to collect the alleged debt

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the

Defendant, for the following:

a.     Actual damages;

b.     Statutory damages pursuant to 15 U.S.C. § 1692k;

c.     Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d.     Such additional and further relief as may be appropriate or that the

interests of justice require.


## V. <u>JURY DEMAND</u>

Plaintiff hereby demands a jury trial as to all issues herein.

Respectfully submitted,

WARREN LAW GROUP, P.C.

Date:  May 29, 2012          BY: _/s/ Bruce K. Warren  bkw4066_
                             Bruce K. Warren, Esquire

                             Warren Law Group, PC
                             57 Cooper Street
                             Woodbury, NJ 08096
                             P: (856)848-4572
                             F: (856)324-9081
                             Attorney for Plaintiff